Chief Justice J. Jones,
specially concurring.
Even though Mr. Jordan put on a good case before the Commission, I am constrained to concur in the Court’s opinion because substantial and competent evidence supports the Commission’s findings on the *803 issue of causation. Had the Commission decided in favor of Jordan, substantial and competent evidence in the record would have supported that outcome. This Court is not a finder of fact and it is well established that the Court will not disturb the Commission’s factual findings if they are supported by substantial and competent evidence.
However, a couple of matters are worth noting. First, in keeping with what appears to be a fairly commonplace practice by the Commission in recent years, the Commissioners state that they chose “not to adopt the Referee’s recommendation and hereby issue their own findings of fact, conclusions of law and order.” It is unclear why the Commission would decline to adopt any of the factual findings by the Referee but then make factual findings identical to those of the Referee for the first 76 findings of fact. It seems that the drafting of findings by the Commission and the review of those findings by this Court would be simplified if it was not necessary to compare the Referee’s and the Commission’s findings side-by-side in order to see if or where they differ. Further, it is not entirely clear why the Commission employs referees if it routinely dismisses their entire work product to make its own findings of fact,
Second, while the Commission was unable to judge Jordan’s observational credibility on the stand because the case was heard by a referee, the Commission goes on to say that “while Referee Marsters’ proposed recommendation found that Claimant was not credible, she did so on the basis that Claimant lacked ’substantial credibility,’ that is, Claimant’s testimony is irreconcilable with other testimony and facts of record.” This would lead one to believe that the Referee found Jordan to be untruthful. That is not necessarily the case. According to the Referee, “Claimant’s testimony at the hearing regarding the progression of his symptoms appeared credible; however, it conflicts with the evidence presented through his medical records, which is also credible. Claimant, understandably, did not remember all of the symptoms he reported to his physicians,, or when, and he did not assert that the relevant records were in error.” Leading up to this conclusion, the Referee posited some possible reasons that the Claimant did not earlier make complaint about some of his symptoms. For example, she posited that his “high pain tolerance and focus on other injuries could have played a part” in failing to seek additional treatment prior to late summer 2011. Being-a veteran of military service, it is quite possible that he was an adherent of a “grin and bear it” philosophy of life. The .Commission’s finding on Claimant’s credibility does not square up with that of the Referee and tends to portray the Claimant’s truthfulness in an undeserved and unfavorable light. If the Commission had simply adopted the Referee’s finding on' credibility, this would not have been a problem.
Justice BURDICK concurs.